IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC,<br><br>Plaintiff(s),<br>v.<br><br>TINA L. NGUYEN, et. al.,<br><br>Defendant(s). | CASE NO. 5:12-cv-03068 EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE**<br><br>[Docket Item No(s). 12] |

## I. INTRODUCTION

On June 15, 2012, Plaintiff G & G Closed Circuit Events, LLC ("Plaintiff") filed a Complaint against Defendants Tina L. Nguyen, Guruprasad Suryanarayana and Satom, LLC (collectively, "Defendants") for violations of the Communications Act of 1934, 47 U.S.C. § 605, the Cable and Television Protection and Competition Act of 1992, 47 U.S.C. § 553, California's Unfair Competition Law ("UCL"), Business and Professions Code § 17200 *et. seq.*, as well as for conversion. See Compl., Docket Item No. 1. According to the Complaint, Plaintiff was granted the exclusive nationwide commercial distribution rights to *Strikeforce: "World Grand Prix": Alistair Overeem v. Fabricio Werdum*. Id. at ¶ 21. Plaintiff alleges that Defendants unlawfully intercepted the program and broadcast it in certain establishments in violation of Plaintiff's exclusive license.

Defendants filed an Answer to the Complaint on September 14, 2012, which included eighteen affirmative defenses. See Answer, Docket Item No. 10. Presently before the court is Plaintiff's Motion to Strike the affirmative defenses pursuant to Federal Rule of Civil Procedure

12(f).  See Docket Item No. 12.  Federal jurisdiction arises pursuant to 28 U.S.C. §§ 1331 and 1367. Having carefully reviewed the relevant documents, the court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).  Thus, the hearing scheduled for January 11, 2013, will be vacated and Plaintiff's motion will be granted for the reasons explained below.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A defense may be insufficient as a matter of pleading or a matter of law.  Security People, Inc. v. Classic Woodworking, LLC, No. C-04-3133 MMC, 2005 U.S. Dist. LEXIS 44641, at *5, 2005 WL 645592 (N.D. Cal. Mar. 4, 2005).  "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."  Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979).  While a defense need not include extensive factual allegations in order to give fair notice (Security People, Inc., 2005 U.S. Dist. LEXIS 44641, at *6), bare statements reciting mere legal conclusions may not be sufficient.  CTF Dev., Inc. v. Penta Hospitality, LLC, No. C 09-02429, 2009 U.S. Dist. LEXIS 99538, at *21, 2009 WL 3517617 (N.D. Cal. Oct. 26, 2009).

A court may also strike matter in an answer that is immaterial or impertinent.  Fed. R. Civ. Pro. 12(f).  Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded."  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)).  Impertinent matter does not pertain, and is not necessary, to the issues in question.  Id.

Where a court strikes an affirmative defense, leave to amend should be freely given so long as there is no prejudice to the moving party.  Wyshak, 607 F.2d at 826.

## III.  DISCUSSION

### A.  Defendants' Concession

In response to this motion, Defendants have indicated they do not oppose the motion insofar as it seeks to strike the first affirmative defense based on the "applicable statute of limitations."  In light of this concession, it will be stricken without leave to amend.

### B. Defenses Insufficient as a Matter of Pleading

Having reviewed the entire Answer - which is essentially devoid of any factual allegations - the court finds that some of the asserted equitable defenses are not plead with sufficient particularity to give Plaintiff fair notice of the basis for the asserted defense. Id. at 827. This finding encompasses the second affirmative defense for laches, the fourth affirmative defense claiming unclean hands, the fifth affirmative defense for justification, and the fourteenth affirmative defense alleging that Plaintiff's request for punitive damages is unconstitutional. Despite their inclusion in the Answer, Defendants did not articulate how Plaintiff engaged in unreasonable delay, did not state any facts which would amount to "unclean hands," and did not describe how their conduct was justified. In addition, Defendants' claim that punitive damages are unconstitutional is nothing more than a statement of opinion in its current form. Without additional development from Defendants, Plaintiff cannot ascertain the basis for these affirmative defenses. See Qarbon.com Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004); CTF Development, Inc., 2009 U.S. Dist. LEXIS 99538, at *22 ("simply stating that a claim fails due to plaintiff's 'unclean hands' is not sufficient to notify the plaintiff what behavior has allegedly given them 'unclean hands'").

Other defenses - the eighth affirmative defense for estoppel and the tenth affirmative defense for waiver - are just bare references to legal doctrines without any discussion of how they may apply to this case. That is not sufficient. Qarbon.com Inc., 315 F. Supp. 2d at 1049 ("A reference to a doctrine, like a reference to statutory provisions, is insufficient notice."); G & G Closed Circuit Events, LLC v. Nguyen, No. 10-CV-00168, 2010 U.S. Dist. LEXIS 104980, at *7-8, 2010 WL 3749284 (N.D. Cal. Sept. 23, 2010).

Accordingly, the second, fourth, fifth, eighth, tenth and fourteenth affirmative defenses will be stricken as plead. Because these defenses may be applicable to this case with additional factual support, the court will allow Defendants the opportunity to amend.

### C. Defenses Insufficient as Immaterial or Impertinent

Several of the affirmative defenses are deficient because they are either immaterial or impertinent without some explanation of their significance to this case. These include the sixth defense for mitigation of damages, the eleventh defense asserting the fair use doctrine, the twelfth

3
CASE NO. 5:12-cv-03068 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE

1  defense for lack of trademark infringement, the thirteenth defense claiming unenforceable
2  trademark, the fifteenth defense for comparative negligence, and the seventeenth defense under the
3  first sale doctrine.  None of these defenses, each of which are better suited to negligence, contract,
4  copyright infringement and trademark infringement actions, are unrelated to the causes of action
5  actually asserted in the Complaint.  See Nguyen, 2010 U.S. Dist. LEXIS 104980, at *11-12.

6  Accordingly, the sixth, eleventh, twelfth, thirteenth, fifteenth, and seventeenth affirmative
7  defenses will be stricken with leave to amend as Defendants may be able to explain their application
8  to this case.

### D. Defenses that are not Actual Defenses

"Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." Fed. Deposit Ins. Corp. v. Main Hurdman, 655 F. Supp. 259, 262 (E.D. Cal. 1987).  "In contrast, denials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claim are not affirmative defenses." Nguyen, 2010 U.S. Dist. LEXIS 104980, at *13.

Here, several defenses asserted by Defendants do not actually constitute affirmative defenses. These include the third affirmative defense alleging lack of injury, the seventh defense for failure to state a claim, the ninth defense for lack of damages, the sixteenth defense for indemnification or contribution, and the eighteenth defense for a reservation of the ability to raise other defenses.  Most of these defenses simply embody the contention that Plaintiff will be unable to prove the elements of the claims contained in the Complaint.  In that regard, "[f]ailure to state a claim is not a proper affirmative defense but, rather, asserts a defect in the plaintiff's prima facie case." J & J Sports Prods v. Mendoza-Govan, No. C 10-05123 WHA, 2011 U.S. Dist. LEXIS 47075, at *14-15, 2011 WL 1544886 (N.D. Cal. Apr. 25, 2011).  Indemnification is not an affirmative defense "but rather a claim that must be pleaded and proved." J & J Sports Prods. v. Vizcarra, No. 11-1151 SC, 2011 U.S. Dist. LEXIS 109732, at *7, 2011 WL 4501318 (N.D. Cal, Sep. 27, 2011) (citing Norddeutscher Lloyd v. JonesStevedoring Co., 490 F. 2d 648, 650 (9th Cir. 1973)).

Furthermore, the reservation of an ability to raise other defenses is not a defense.  This type of statement "serves no real purpose in the litigation and should be stricken." Solis v. Couturier, No.

4
CASE NO. 5:12-cv-03068 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

2:08-cv-02732, 2009 U.S. Dist. LEXIS 63271, at *10, 2009 WL 2022343 (E.D. Cal. July 8, 2009). In any event, it is duplicative of relief that can be based on the Federal Rules of Civil Procedure. Id.

Accordingly, the third, seventh, ninth, sixteenth and eighteenth affirmative defenses are stricken without leave to amend because Plaintiff will be prejudiced by allowing these non-defenses to be re-plead.

### IV. ORDER

Based on the foregoing, Plaintiff's Motion to Strike (Docket Item No. 12) is GRANTED. The first, third, seventh, ninth, sixteenth and eighteenth affirmative defenses are STRICKEN WITHOUT LEAVE TO AMEND. All other affirmative defenses are STRICKEN WITH LEAVE TO AMEND.

If Defendants choose to file an amended Answer, they shall do so on or before **January 25, 2013.**

The hearing scheduled for January 11, 2013, is VACATED.

**IT IS SO ORDERED.**

Dated: January 9, 2013

_____
EDWARD J. DAVILA
United States District Judge