United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>                Plaintiff(s),<br>  v.<br>TINA L. NGUYEN, et. al.,<br><br>                Defendant(s).             / | CASE NO. 5:12-cv-03068 EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE**<br><br>[Docket Item No(s). 27] |

**I.   INTRODUCTION**

On June 15, 2012, Plaintiff G & G Closed Circuit Events, LLC ("Plaintiff") filed a Complaint against Defendants Tina L. Nguyen, Guruprasad Suryanarayana and Satom, LLC (collectively, "Defendants") for violations of the Communications Act of 1934, 47 U.S.C. § 605, the Cable and Television Protection and Competition Act of 1992, 47 U.S.C. § 553, California's Unfair Competition Law ("UCL"), Business and Professions Code § 17200 *et. seq.*, as well as for conversion. See Compl., Docket Item No. 1. According to the Complaint, Plaintiff was granted the exclusive nationwide commercial distribution rights to *Strikeforce: "World Grand Prix": Alistair Overeem v. Fabricio Werdum*. Id. at ¶ 21. Plaintiff alleges that Defendants unlawfully intercepted the program and broadcast it in certain establishments in violation of Plaintiff's exclusive license.

Defendants filed an Answer to the Complaint on September 14, 2012, which included eighteen affirmative defenses. See Answer, Docket Item No. 10. The court granted Plaintiff's motion to strike these defenses on January 9, 2013, but allowed Defendants leave to amend a

1
CASE NO. 5:12-cv-03068 EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE

1  number of them. See Docket Item No. 22. Defendants thereafter filed an Amended Answer on
2  January 25, 2013, this time asserting eight affirmative defenses. See Docket Item No. 25.

3  Presently before the court is Plaintiff's second Motion to Strike Defendants' affirmative
4  defenses pursuant to Federal Rule of Civil Procedure 12(f). See Docket Item No. 27. Federal
5  jurisdiction arises pursuant to 28 U.S.C. §§ 1331 and 1367. Having carefully reviewed the relevant
6  documents, the court has determined that Plaintiff's motion should be granted in part and denied in
7  part for the reasons explained below.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense may be insufficient as a matter of pleading or a matter of law. Sec. People, Inc. v. Classic Woodworking, LLC, No. C-04-3133 MMC, 2005 U.S. Dist. LEXIS 44641, at *5, 2005 WL 645592 (N.D. Cal. Mar. 4, 2005). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979). While a defense need not include extensive factual allegations in order to give fair notice (Sec. People, Inc., 2005 U.S. Dist. LEXIS 44641, at *6), bare statements reciting mere legal conclusions may not be sufficient. CTF Dev., Inc. v. Penta Hospitality, LLC, No. C 09-02429, 2009 U.S. Dist. LEXIS 99538, at *21, 2009 WL 3517617 (N.D. Cal. Oct. 26, 2009).

A court may also strike matter in an answer that is immaterial or impertinent. Fed. R. Civ. P. 12(f). Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)). Impertinent matter does not pertain, and is not necessary, to the issues in question. Id.

Where a court strikes an affirmative defense, leave to amend should be freely given so long as there is no prejudice to the moving party. Wyshak, 607 F.2d at 826.

### III. DISCUSSION

**A. Laches**

Defendants have re-plead a laches defense after the court struck the prior iteration for failure to provide Plaintiff with fair notice of the basis for the defense. They now allege that "Plaintiff refrained from filing this action until June 15, 2012, nearly a year after the alleged telecast" and, during this time period, "Defendants' business has substantially changed" such that Plaintiff's delay in filing is prejudicial. See Docket Item No. 25, at 5:5-11. Plaintiff argues the laches defense is still insufficiently plead.

"'The defense of laches requires unreasonable delay plus either acquiescence in the act about which plaintiff complains or prejudice to the defendant resulting from the delay.'" Johnson v. City of Loma Linda, 24 Cal. 4th 61, 68 (2000) (quoting Conti v. Bd. of Civil Service Comm'rs, 1 Cal. 3d 351, 359 (1969)). Here, Defendants have amended their laches defense to plead exactly what is required: they have identified an unreasonable delay and stated how this delay caused them prejudice. Thus, to the extent Plaintiff finds the allegations incapable of providing "fair notice" due to a lack of further specificity, the court disagrees. See Rapp v. Lawrence Welk Resort, No. 12-CV-01247 BEN (Wmc), 2013 U.S. Dist. LEXIS 11966, at *21, 2013 WL 358268 (S.D. Cal. Jan. 28, 2013) (finding with regard to a laches defense that "[t]he fair notice standard only requires the pleading to provide a plaintiff with fair notice of the nature and grounds of the affirmative defense, not to prove that the defendant will ultimately prevail.").

It is true, however, that a laches defense may have limited application to this case. "The equitable defense of laches does not apply in an action at law." Pratali v. Gates, 4 Cal. App. 4th 632, 645 (1992). This is because "[t]he equitable doctrine of laches has a legal equivalent in the statutes of limitations." Wells Fargo Bank, N.A. v. Bank of America NT&SA, 32 Cal. App. 4th 424, 439 (1995). An action subject to trial by jury is generally considered to be one "at law." See Tull v. United States, 481 U.S. 412, 417 (1987). In this case, Plaintiff is entitled to a jury trial on alleged violations of 47 U.S.C. §§ 553 and (or) 605 as well as on the cause of action for conversion. See J & J Sports Prods. v. Jimenez, No. 10cv0866 DMS (RBB), 2010 U.S. Dist. LEXIS 118222, at *8, 2010 WL 4639314 (S.D. Cal. Nov. 8, 2010) (concluding that "the Seventh Amendment preserves

the right to jury trial for statutory damage claims under Sections 553 and 605."); see also Bufano v. San Francisco, 233 Cal. App. 2d 61, 68 (1965) ("Conversion is an action at law subject to jury determination."). For this reason, they are actions "at law" to which laches can not be applied.

But laches may apply to the UCL cause of action, particularly since Plaintiff requests injunctive relief.[1] Cortez v. Purolator Air Filtration Products Co., 23 Cal. 4th 163, 179-80 (2000) ("[W]hat would otherwise be equitable defenses may be considered by the court when the court exercises its discretion over which, if any, remedies authorized by [California Business and Professions Code] section 17203 should be awarded."). This is true regardless of Plaintiff's argument that this action was filed within the UCL's statute of limitations.

Since Plaintiff has adequately plead an affirmative defense with potential application to one cause of action, Plaintiff's Motion to Strike is denied as to first affirmative defense for laches.

### B. Mitigation of Damages

The mitigation of damages defense was stricken in response to Plaintiff's first motion because the court found it "unrelated to the causes of action actually asserted in the Complaint. See Docket Item No. 22. The court allowed leave to amend, however, so that Defendants could explain the doctrine's application to this case. Id.

Defendants have not done so. They now allege that "Plaintiff failed to use reasonable care required to protect its allegedly exclusive distribution rights" and "failed to ensure that the Program would not be intercepted or broadcasted without Plaintiff's consent." See Docket Item No. 25, at 6:1-2. They also allege that Plaintiff failed to send "a cease and desist letter to demand that Defendants stop the actions alleged in Plaintiff's Complaint." Id. at 6:3-4.

These activities do not constitute mitigation in the context of this case. "Typically, the rule of mitigation of damages comes into play when the event producing injury or damage has already occurred and it then has become the obligation of the injured or damaged party to avoid continuing or enhanced damages through reasonable efforts." J & J Sports Prods. v. Sanchez,

---

[1] "By reason of Defendants' violation of California Business and Professions Code Section 17200, et. seq., Plaintiff . . . is entitled to . . . injunctive and declaratory relief." See Compl., at ¶ 47.

4
CASE NO. 5:12-cv-03068 EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE

2:11-cv-02440-GEB-CKD, 2012 U.S. Dist. LEXIS 74070, at *6 (E.D. Cal. May 29, 2012) (quoting Valle de Oro Bank v. Gamboa, 26 Cal. App. 4th 1686, 1691 (1994)). Any failure by Plaintiff to prevent an interception - prior to its occurrence - does not fall within this definition. Nor would a cease and desist letter constitute mitigation of damages for an already-completed unlawful interception. The damage has been done at that point. Mitigation of damages is therefore inapplicable to this litigation.

The fourth affirmative defense will stricken, this time without leave to amend, as Plaintiff would be compelled to expend additional time and resources litigating irrelevant issues if the defense was to remain. See Barnes v. AT&T Pension Benefit - Nonbargained Program, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010).

**C.  Punitive Damages**

The court previously struck Defendants' punitive damages defense because it was "nothing more than a statement of opinion." See Docket Item No. 22. In a revised version, Defendants now state that allowing Plaintiff to recover punitive damages "would violate Defendants' due process rights under the Fifth Amendment and Fourteenth Amendment." See Docket Item No. 25, at 6:19. Defendants also claim that the "vagueness and uncertainty" of Plaintiff's allegations do not "provide fair notice of the prohibited conduct." Id. at 6:20-21.

While Defendants have developed their position on punitive damages, the revised affirmative defense is still nothing more than a legal argument better suited for a motion to dismiss under Rule 12(b)(6) or a motion for more definite statement under Rule 12(e). Indeed, "denials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claim are not affirmative defenses." G & G Closed Circuit Events, LLC v. Nguyen, No. 10-CV-00168-LHK, 2010 U.S. Dist. LEXIS 104980, at *13, 2010 WL 3749284 (N.D. Cal. Sept. 23, 2010). Moreover, "'uncertainty' is not an affirmative defense." Sec. People, Inc., 2005 U.S. Dist. LEXIS, at *14. "Any lack of clarity in the complaint could have been addressed, prior to filing an answer, by a motion for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, and may now be addressed through discovery." Id. at *14-15.

Accordingly, Plaintiff's Motion to Strike will be granted as to the seventh affirmative

defense addressing punitive damages without leave to amend. See Barnes, 718 F. Supp. 2d at 1173.

### D. Defenses Still Insufficient as a Matter of Pleading

Defendants' affirmative defenses alleging unclean hands, justification, waiver and estoppel were dismissed previously because they were not plead with sufficient particularity to provide Plaintiff with fair notice of the basis for the asserted defense. See Docket Item No. 22. With regard to the first two listed defenses, the court observed that Defendants "did not state any facts which would amount to 'unclean hands,' and did not describe how their conduct was justified." Id. The court found the final two defenses insufficient because they were "just bare references to legal doctrines without any discussion of how they may apply to this case." Id.

Little has changed in the Amended Answer. The new versions of the unclean hands and justification defenses cannot be sustained since they still offer little more than legal definitions. See Qarbon.com Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004); CTF Dev., Inc., 2009 U.S. Dist. LEXIS 99538, at *22 ("simply stating that a claim fails due to plaintiff's 'unclean hands' is not sufficient to notify the plaintiff what behavior has allegedly given them 'unclean hands.'"). The same is true of the waiver and estoppel defenses. Thus, the second, third, fifth, sixth and eighth defenses[2] will be stricken without leave to amend as Plaintiff would prejudiced if they were to remain. See Barnes, 718 F. Supp. 2d at 1173.

### IV. ORDER

Based on the foregoing, Plaintiff's Motion to Strike is GRANTED IN PART and DENIED IN PART. The motion is DENIED as the first affirmative defense for laches. The motion is GRANTED as to the second through eighth affirmative defenses, which are each STRICKEN WITHOUT LEAVE TO AMEND.

**IT IS SO ORDERED.**

Dated: June 10, 2013

EDWARD J. DAVILA
United States District Judge

---

[2] The court notes that the fifth and eighth affirmative defenses are identical save for a difference in the lead-in sentence.